**In re Appeal of ALBRIGHT.**

[Cite as *In re Appeal of Albright* (1993), 92 Ohio App.3d 180.]

Court of Appeals of Ohio,
Licking County.

No. 93–CA–51.

Decided Nov. 29, 1993.

*Robert E. Albright, pro se,* and *Rankin M. Gibson,* for appellant.

*David E. Northrop,* for appellee Southwest Licking Community Water and Sewer District.

*Manes, Musitano, Schrader & Assaf* and *Alfred E. Schrader,* for appellee Lima Township Board of Trustees.

FARMER, Judge.

This matter began with the filing of a petition by sixteen of seventeen property owners with the Licking County Board of Commissioners (hereinafter "the commissioners"). The petition requested that approximately 1,067.2 acres of agricultural land in Lima Township, Licking County, Ohio, be annexed to the city of Reynoldsburg. A majority of the property owners proposed to be annexed signed the petition, although three of the original signers asked that their names be removed. Petitioners named appellant, Robert E. Albright, as their agent.

On August 6, 1992, the commissioners heard the petition for annexation. At the hearing, proponents and opponents of the annexation presented evidence under oath and by affidavit. Proponents outlined what they thought would be the service advantages and disadvantages available to them if the property were to be annexed. Opponents offered evidence that they believed the services provided by Lima Township were superior to those Reynoldsburg claimed it could provide. On August 6, 1992, the commissioners denied the annexation.

On August 24, 1992, appellant appealed to the Court of Common Pleas of Licking County, Ohio. Appellees, the Lima Township Board of Trustees and the Southwest Licking Community Water and Sewer District, were permitted to intervene. On April 5, 1993, the trial court upheld the commissioners' decision and entered judgment in favor of appellees.

Appellant timely filed a notice of appeal, and this matter is now before this court for consideration.

The assignments of error are as follows:

*"First Assignment of Error*

"The court of common pleas erred in finding the appellants failed to present sufficient credible evidence that the territory sought to be annexed was not unreasonably large.

*"Second Assignment of Error*

"The court of common pleas erred in finding that the appellants failed to present sufficient credible evidence that the general good of the territory sought to be annexed would be served if the annexation petitioner were granted."

In his two assignments of error, appellant claims that the trial court erred in finding that the commissioners had sufficient credible evidence to deny the petition for annexation because the territory was unreasonably large and the general good of the territory would not be served by annexation.

R.C. 709.033 establishes the procedure after a hearing on annexation is held:

"After the hearing on a petition to annex, the board of county commissioners shall enter an order upon its journal allowing the annexation if it finds that:

"(A) The petition contains all matter required in section 709.02 of the Revised Code.

"(B) Notice has been published as required by section 709.031 of the Revised Code.

"(C) The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be annexed.

"(D) The municipal corporation to which the territory is proposed to be annexed has complied with division (B) of section 709.031 of the Revised Code.

"(E) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted."

After the hearing in the case *sub judice*, the commissioners by resolution denied appellant's request for annexation. The August 6, 1992 resolution cited the following reasons:

"1. Uncertainty of Reynoldsburg to supply the services.

"2. Questions of validity of Council's service resolution.

"3. Failing to take the roads.

"4. Failing to have an agreement with the City of Columbus to supply water to the area.

"5. They cannot service ⅔ of the site with water and sewer by agreement with Columbus."

The standard of review by which the opinion and judgment of the court of common pleas is to be judged by is clearly set out in *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 202, 389 N.E.2d 1113, 1117:

"Thus, it is quite evident that the court of common pleas must weigh the evidence in the record, and whatever additional evidence may be admitted pursuant to R.C. 2506.03, to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the agency decision. We caution, however, to add that this does not mean that the court may blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise. The key term is 'preponderance.' If a preponderance of reliable, probative and substantial evidence exists, the court of common pleas must affirm the agency decision; if it does not exist, the court may reverse, vacate, modify or remand."

▆ With these legal parameters established, we will review the decision of the trial court in affirming the commissioners' denial of appellant's application. Our review is limited to determining whether, as a matter of law, the finding is supported by a preponderance of reliable, probative and substantial evidence. *In re Petition for Annexation of 941 Acres* (Jan. 11, 1993), Delaware App. No. 92–CA–E–06020, unreported, 1993 WL 34521.

There is no dispute that the jurisdictional requirements of R.C. 709.033 were met. By judgment entry dated April 5, 1993, the trial court found in particular the following:

"Using this standard, this Court must review the record to determine if there exists a preponderance of evidence which supports the commissioners' decision. With regard to the issue of whether the 'general good' of the annexation area will be served, there was competent, reliable, and probative evidence which indicated that the services provided by the township are better [than] or as good as the services promised by the City of Reynoldsburg, the City of Reynoldsburg did not clearly demonstrate an ability to provide water and sewer services, and the evidence was conflicting as to who could provide better fire and police protection. It was also presented that the residents would be subject to an income tax which they are not now required to pay. The opposing evidence presented by the appellants was minimal and, at times, conflicting.

"With regard to the specific reasons given by the Licking County Commissioners, this Court finds that all fall within the category of common good. The evidence was conflicting, at best, as to whether Reynoldsburg could supply necessary services to the area in a manner that Lima Township and Licking County were presently serving the needs of the residents. The resolution submitted from the City of Reynoldsburg agreeing to provide services was questioned as to its legal effect because it had been passed without the required number of votes. The petition failed to include certain abutting roads which left the burden on the township to maintain them but which allowed the taxes to go to the annexing municipality. And, the City of Reynoldsburg failed to demonstrate

that [it] had an agreement with the City of Columbus or could otherwise provide water and sewer to one-half to two-thirds of the area in question. All of these concerns were legitimate and the evidence was such that the commissioners were more than justified in raising those objections in the resolution rejecting the petition.

" * * *

"This Court finds that the appellants failed to present sufficient, credible evidence that the annexation petition is not unreasonably large or that the general good of the area would be served if the annexation were granted. In fact, the evidence was just the opposite. As a result, this appeal must fail."

## I

■ Appellant claims that the commissioners' resolution does not include a finding that the area to be annexed is "not unreasonably large" pursuant to R.C. 709.033(E).

Our review of the resolution supports that argument. There is in fact no finding by the commissioners of "unreasonably large," nor does the language of the resolution imply that the area is unreasonably large. However, the trial court found from its review of the evidence that it was "unreasonably large." This independent interpretation by the trial court of evidence outside the record does not comply with the dictates of *Dudukovich.*

Assignment of error one is sustained.

## II

■ Appellant claims that the resolution does not find that the "general good of the territory sought to be annexed will be served if the annexation petition is granted." R.C. 709.033(E). Appellant argues that the resolution does not specifically find "no general good" to the area in question.

While appellant is right that the magic words "general good" are not set forth in the resolution, the commissioners clearly stated that the petition was denied and enumerated their reasons. The uncertainty of services to the area, the issue of roads and maintenance, the failure to assure water supply and that two-thirds of the area will not be serviced by water and sewer are clearly issues bearing on the general good.

The trial court, in its review of the record, which is governed by the burden of the preponderance of all the evidence regardless who produced it, found "the services provided by the township are better [than] or as good as the services promised as the City of Reynoldsburg," and "the City of Reynoldsburg did not

clearly demonstrate an ability to provide water and sewer services." Judgment Entry dated April 5, 1993, at 4–5.

Clearly, the trial court followed the dictates of *Dudukovich* and the standards of *In re Petition for Annexation of 941 Acres.* Our review is whether, *as a matter of law,* these findings are supported by reliable, probative and substantial evidence.

At the August 6, 1992 annexation hearing, Mr. Brems stated that the roads are not included in the annexation petition; that the area that is available for city of Columbus water is limited to four hundred sixty-three acres, leaving six hundred one acres unserved; and that police services would be approximately nine miles away from the annexed area. Mr. Schrader further presented a letter from Columbus which stated only that the city would review the request for extended water services. Schrader further argued that the township would remain responsible for the roads in the annexed area. Mr. Samuel stated, as representative of appellee Southwest Licking Community Water and Sewer District, that even if Columbus would agree to extend water service, its agreement (expiring November 25, 1993) does not cover service outside the Blacklick drainage basin.

We conclude that the rebuttal to these objections by appellant were vague and conflicting. Appellant admitted that six hundred one acres would not be serviced by any Columbus water agreement. Appellant admitted that the township roads were not included in the proposed annexed area. Appellant further admitted that there was not an agreement at the time for extended Columbus water service, and he further stated it was but a political problem.

Based upon the record, we find that, as a matter of law, although the trial court erred in finding the proposed area to be unreasonably large, the trial court did not err in dismissing the appeal and finding that by the preponderance of the evidence, the "general good" of the area would not be served by annexation.

Assignment of error two is overruled.

The judgment of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.

*Judgment affirmed.*

SMART, P.J., and GWIN, J., concur.